UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANDREW TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | Case No.  1:24-cv-01138-JLT-EPG<br><br>ORDER DENYING JOINT MOTION FOR A PROTECTIVE ORDER WITHOUT PREJUDICE<br><br>(ECF Nos. 27, 28) |

On March 13, 2025, the parties filed a joint motion for the Court[1] to enter a protective order.  (ECF No. 27).  The joint motion will be denied, without prejudice, because it does not comply with Local Rule 141.1.

Local Rule 141.1(c) requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court

---

[1] Although the parties submitted an agreed protective order for Magistrate Judge Orberto, she entered an order of recusal on January 24, 2025.  (ECF No. 24).  This case was then reassigned to the undersigned.

1

order, as opposed to a private agreement between or among the parties. LR 141.1(c)(1)-(3).

Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of need for protection as to each category of information covered by their proposed order. The parties' proposed protective order defines "confidential" information to mean "a document reasonably designated as confidential under this protective order[.]" (ECF No. 27 at 2). The proposed protective order states: "[a] party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information." (*Id.* at 3). Additionally, the memorandum in support of the motion states: "the Parties seek an *umbrella* protective order which permits them to designate certain information as confidential." (ECF No. 28 at 2 (emphasis added)).

Such a catchall description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential. Likewise, the parties fail to make a particularized showing as to need for protection as to any category of information to be covered by the order under LR 141.1(c)(2). The parties also do not explain why the request for protection "should be addressed by a court order, as opposed to a private agreement between or among the parties." LR 141.1(c)(3).

Accordingly, IT IS ORDERED that the parties' joint motion for protective order (ECF No. 27) is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**March 18, 2025**__         /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

2