UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANDREW TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, *et al.*,<br><br>　　　　Defendants. | Case No.　1:24-cv-01138-JLT-EPG<br><br>STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 32) |

　　　　This matter is before the Court on the parties' "Stipulated Protective Order." (ECF No. 32).  Upon review, the Court will grant the stipulation.

　　　　As cause, the parties state that the Stipulated Protective Order is necessary because:

　　　　In connection with the Action, the Parties anticipate that documents produced in discovery and witness testimony will include sensitive and confidential personal information about Plaintiff, such as his personal identifying information, financial information, and consumer reports. It is extremely important that this information remain protected and not be readily available due to the dangers of identity theft.

　　　　Furthermore, this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or

>commercial information (including information implicating privacy rights of third parties), personal identifying information about a consumer, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.
>
>Furthermore, the documents to be produced by Chase may contain critical information regarding Chase's computer systems involved in the processing of credit applications, credit reporting and furnishing, and account management. Chase likewise uses its computer systems in conjunction with its proprietary policies and procedures to reinvestigate consumer disputes of account and credit reporting information.
>
>The sophistication of Chase's computer systems is a major advantage in the marketplace. Were information about its computer system to get into the hands of competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the competitive edge it currently enjoys. Similarly, were information about the design and workings of those systems, including internal documents, policies or procedures, to get into the hands of a would-be competitor, it would greatly facilitate that would-be competitor's efforts to develop its own sophisticated computer system. Such action would have a serious financial impact on Chase. Were this same type of information to get into criminal hands, it would facilitate the efforts of those who seek to improperly access Chase's files on consumers or perpetrate identity fraud.
>
>Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

(*Id.* at 2-3).

Although the Court is inclined to grant the Stipulated Protective Order, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, *e.g.*, such as by allowing the parties to bypass the Court's informal discovery-dispute-resolution process, the Court's established practices or Rules will govern. (*See* ECF No. 25 at 4 (noting procedures

regarding informal discovery conferences and discovery motions); the Court's Standard Procedures (same), available on the Court's website).

      Accordingly, IT IS ORDERED that the parties' "Stipulated Protective Order" (ECF No. 32) is GRANTED.

IT IS SO ORDERED.

Dated: **June 4, 2025**　　　　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE